Filed 12/11/24  In re H.B. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re H.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  H.B.,  Defendant and Appellant. | E083985  (Super.Ct.No. INJ1700311)  OPINION |

APPEAL from the Superior Court of Riverside County.  Emily A. Benjamini, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for plaintiff and respondent.

Defendant and appellant H.B. (Minor) appeals the juvenile court's commitment order after it declined his request for home confinement when he admitted to lesser allegations in lieu of multiple counts of attempted, premeditated murder. Appointed appellate counsel reviewed the record and, in consultation with Appellate Defenders, Inc., filed a no-issue brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Our independent review under those authorities discloses no issues on which to request briefing by the parties. We therefore affirm the juvenile court's dispositional order and related findings and orders.

**FACTS**

In March 2023 the district attorney filed a petition under Welfare and Institutions Code section 602 alleging that Minor, in January 2023 when he was 17 years old, committed attempted premeditated murder against six separate victims and personally used a hand gun and a long gun in committing the offenses. (Pen. Code, §§ 664, 187, subd. (a), 189, 12022.53, subd. (b).) The petition also alleged Minor on that same date personally discharged a firearm at an inhabited dwelling. (Pen. Code, §§ 246, subd. (a), 1192.7, subd. (c)(8).) The district attorney sought to transfer jurisdiction to adult court (Welf. & Inst. Code, § 707); after a hearing in January 2024 the juvenile court denied the transfer motion.

In February 2024 the petition was amended by interlineation to add allegations that on the incident date Minor negligently discharged a firearm and carried a loaded firearm in public or in a vehicle.  (Pen. Code, §§ 246.3, subd. (a), 25850, subd. (c)(6).)  Minor admitted those allegations at a hearing the same day they were added and the court, on the prosecutor's motion, dismissed the remaining allegations.

The probation department's report for the disposition hearing recommended commitment to the Riverside County Youth Treatment and Education Center (YTEC) for a period within the discretion of YTEC staff and the probation department, up to a maximum confinement period of two years eight months with 365 days' credit.  Counsel for Minor filed a brief seeking placement instead with Minor's relatives, on a grant of formal probation.

Upon review of the contents of counsel's brief, the juvenile court filed a written order in an "abundance of caution" finding that, to the extent the brief's references to the Racial Justice Act (Stats. 2020, Ch. 317, § 2) asserted claims thereunder, no prima facie showing was made as required by the statute.  (Pen. Code, § 745, subds. (c), (h)(2).)

At the disposition hearing, counsel for Minor clarified he had not intended in his brief to assert claims under section 745, or for the brief to serve as a motion under that section.  But he emphasized again probation with home supervision as Minor's preferred disposition, including with electronic monitoring if necessary.

The court declined to grant probation, noting specific concerns, which included: Minor's possession and repeated use of firearms, including accidentally shooting himself; behavioral problems before being detained; his association with known gang members;

3

excessive cannabis use and poor educational history before entering juvenile hall; and the availability of suitable YTEC treatment programs identified in Minor's psychological evaluation. The court in its disposition ordered custody removed from Minor's legal guardian and his commitment to YTEC for a period not to exceed two years eight months, with 386 days' custody credit.

## DISCUSSION

In filing the appellate brief, counsel set forth a detailed statement of the case and the facts and requested our independent review under *Wende*, *Anders*, and related authority. Counsel listed three possible issues for our consideration. First, was minor's "waiver of '[t]he right to appeal, or ask another court to look at, decisions by the judge that I disagree with,' " made at the time of his admissions "pursuant to a plea bargain, enforceable, or is it unconscionable and, therefore, void and unenforceable?" Second, and related, does minor's waiver affect the appealability of the orders identified in his notice of appeal? Finally, did the court err in finding no prima facie showing of improper bias under Penal Code section 745; was the court required to hold a hearing to make that determination; and was any error waived by trial counsel's disclaimer, the absence of a formal motion, or Minor's waiver of appeal?

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that Minor's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

4

**DISPOSITION**

The juvenile court's dispositional order and related findings and orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                    J.

We concur:

McKINSTER _____
                Acting P. J.

FIELDS _____
                    J.